## BRITISH AMERICAN OIL PRODUCING CO. v. CORPORATION COMMISSION et al.

No. 27555.     June 1, 1937.

Rehearing Denied July 2, 1937.

Application for Leave to File Second Petition for Rehearing Denied July 9, 1937.

Hayes, Richardson, Shartel, Gilliland & Jordan, Anglin & Stevenson, and Mayo E. McKeown, for appellants.

Earl Foster, Conservation Attorney, for appellees.

BUSBY, J. This appeal is prosecuted by the British American Oil Producing Company from an order of the Corporation Commission of the state of Oklahoma denying to it an "adjusting retroactive allowable" on its Mary Green well No. 1, which was the discovery well in the Mansion area of the Oklahoma City field.

This well was completed on October 1, 1935, but was shut in on that date in order to install safety devices. On October 2nd it was opened and produced 2,000 barrels of oil in ten hours and 25 minutes. The test, while demonstrating the possibilities of the well as a producer and though taken under circumstances that remove any question concerning the correctness of the computation of the amount of oil produced or the time within which it was produced, was not taken as a "potential" upon which to base future production under the proration orders then in force in connection with the Oklahoma City field. The well was closed for want of facilities to dispose of or hold the oil and to await an official potential. The operator was ready to take the potential under the supervision and observation of the Corporation Commission. On October 5, 1935, informal notice was given to the commission and request made for a potential, but, without design of the operator, the potential was not attempted to be taken until October 8, 1935. In the meantime the well had filled with oil from which the gas had escaped leaving a "dead" column of oil in the hole. This condition prevented the well from flowing when it was opened on October 8th and made it necessary to swab the hole. When this was attempted the machinery broke and a "fishing job" became necessary, and, as a result, the well was not again on production until December 26, 1935, on which date a potential was taken, upon which allowable production under the proration law was based. The December potential of the well was greater than that forecast by its initial production.

Thus the appellant's well did not produce for a period of almost three months due to mechanical difficulties in a measure attributable to the administration of the proration

law. The appellant seeks permission to make up for its inability to produce by overproducing to the extent the well would have produced had it not been for the difficulties above outlined. It is willing to use the initial production as a basis for calculation rather than the greater amount of possible production as established by the December potential.

The Corporation Commission in defense of its denial of relief points out that under a literal interpretation of the rules and regulations governing the proration of oil in the Oklahoma City field the relief is not proper. The appellant admits that its request is at variance with the rules, but urges that similar relief equally at variance with the rules has been accorded other operators producing oil from the same common source of supply and that a literal enforcement of the rules as to it amounts to an unjust discrimination. It is not urged that the rules established are beyond the power of the commission or are discriminatory. The attack is on the method of administration and the plea is for equal protection under the law.

The parties disagree in their briefs as to the fact of variance from the rules in favor of other operators under similar circumstances and also as to the extent of such variance. The record, however, supports the position taken by appellant and discloses that literal observance of the rules has not been required of other operators. Numerous instances are disclosed in which other operators have been permitted to make up "underage" attributable to mechanical difficulties. In many of those instances the mechanical difficulties had no connection whatever with the administration of the proration law, thus in one sense presenting less meritorious grounds for relief than that presented by the operator now before us, who can trace his dilemma to the administration of the proration. We are unable to differentiate the policy of the commission toward this operator on the theory that the claimed "underage" antidates an official potential, for the record shows that other similar retroactive allowances have been made by reason of similar difficulties occurring before the establishing of a well's potential. The failure of the commission to immediately take the potential of the well involved here and its attempt to justify its failure by invocation of the rules established by it is likewise at variance

with its action in many instances toward other operators.

The appellant has shown a method of administration of the proration laws which establishes that a denial of relief in this case amounts to a discrimination.

In State ex rel. v. Walker, 168 Okla. 543, 35 P. (2d) 269, Mr. Justice Welch, speaking for this court, said:

"There is a continued duty upon the commission to so conduct the management and control of the production of oil under the act so as to continue in ratable taking by all of the wells as fairly as may be ascertained and permitted, with due regard to any condition or circumstances that might result in an unintended discrimination against any producer. And if 'any rule or action of the commission, though well founded in purpose, should in operation result in discrimination against a producer, then upon application of such producer the commission would have the authority to remove and correct such discrimination."

In Sterling Ref. Co. et al. v. Walker et al., 165 Okla. 45, 25 P. (2d) 312, we said:

"If the state is to exercise its power to limit the production of oil from a common source of supply, it must likewise prevent the different producers from taking an unratable portion of the oil therefrom."

And also that:

"It is the duty of the Corporation Commission to administer the law in such a manner that unjust, unfair, and illegal advantages cannot be had."

In Oils, Inc., v. Corporation Comm., 165 Okla. 202, 25 P. (2d) 703, it is said:

"The purpose of the provisions of the law under consideration is to provide for an equitable, fair, and ratable taking by each producer from a common source of supply."

Thus we have heretofore emphasized that fair and ratable taking from the same common source of supply must prevail in the administration of the proration law as well as in the enactment of rules under which it is administered. In accord with those principles the appellant is entitled to the relief requested.

The appellees ask for the decision of this court on the question of the amount of "retroactive adjusting allowable" to be awarded. The appellant offered proof on two theories: the amount determinable on the basis of an average of 200 barrels per hour during the initial production on October 2, 1935, and the amount determinable on the basis of the average of the last four hours of the ten-

hour period of production. In the circumstances it appears to the court more equitable to take the average as a basis. The result is to give 4,800 barrels a day as the potential from which computation can be made. With this as a suggested potential, appellant computed the allowable for the period under consideration and arrived at the total of 109,320 barrels for the period of October 2, 1935, to December 25, 1935, both inclusive. The percentages by which this amount was ascertained are unchallenged in the record.

Our holding herein in no wise conflicts with State ex rel. v. Bond et al., 172 Okla. 415, 45 P. (2d) 712, wherein we declared that a rule granting permission to make up underage was an act of legislative grace which could be withdrawn at any time, for we were there dealing with a general order withdrawing the privilege from all operators of making up "underage" theretofore granted. It does not follow at all that the legislative power to cancel "underage" thus recognized can be used in such a manner as to discriminate between operators similarly situated.

The cause is reversed with directions to the Corporation Commission to enter proper order to allow the appellant 109,320 barrels of oil as a "retroactive adjusting allowable" for the period under consideration.

OSBORN, C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., dissents. RILEY and WELCH, JJ., absent.